

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 11, 1975

The Honorable Fred Head
Chairman, House Committee
on Higher Education
House of Representatives
Austin, Texas 78711

Opinion No. H-688

Re: Whether a legislator may
serve on the Texas State Teachers
Association Legislative Committee.

Dear Representative Head:

You have asked whether a member of the Legislature may serve on the legislative committee of the Texas State Teachers Association (TSTA). Your inquiry does not reach, and we do not consider, any question as to this private organization's own eligibility requirements to serve on its Legislative Committee.

The Constitution of the TSTA indicates:

> [t]he functions of the Legislative Committee shall be to represent TSTA in all matters where state and federal legislation is involved.
> TSTA Constitution, art. 12, § 2.

Standards of conduct for state officers and employees are established by article 6252-9b, V. T. C. S. Sections 1 and 8 of that statute provide:

> Section 1. It is the policy of the State of Texas that no state officer or state employer shall have any interest, financial or otherwise, direct or indirect, or engage in any business transaction or professional activity or incur any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest. To implement this policy and to strengthen the faith and confidence of the people of Texas in their state government, there are provided standards of conduct and disclosure requirements to be observed by persons owing a responsibility to the people of Texas and the government of the State of Texas in the performance of their official duties. It is the intent of the legislature that this Act shall serve not only as a guide for official conduct of these covered persons but also as a basis for discipline of those who refuse to abide by its terms.

. . .

Sec. 8. (a) No state officer or state employee should accept or solicit any gift, favor, or service that might reasonably tend to influence him in the discharge of his official duties or that he knows or should know is being offered him with the intent to influence his official conduct.

(b) No state officer or state employee should accept employment or engage in any business or professional activitity which he might reasonably expect would require or induce him to disclose confidential information acquired by reason of his official position.

(c) No state officer or state employee should accept other employment or compensation which could reasonably be expected to impair his independence of judgment in the performance of his official duties.

(d) No state officer or state employee should make personal investments which could reasonably be expected to create a substantial conflict between his private interest and the public interest.

(e) No state officer or state employee should intentionally or knowingly solicit, accept, or agree to accept any benefit for having expercised his official powers or performed his official duties in favor of another.

If the role of the legislator-member of a private organization's legislative committee involved actual representation of the private group's interest such activity would plainly be improper. If on the other hand the committee member's function did not involve actual lobbying, it is possible that such a role would be permissible. You posed alternate situations in which the legislator would or would not have a vote on the TSTA committee. We do not believe that distinction is relevant. Rather, the member would have to examine his relationship with the private organization's committee in light of article 6252-9b to determine if it is consistent with the standards outlined there. The determination is largely one of fact and is ultimately subject to the consideration of the house of the Legislature of which the individual is a member. Texas Constitution art. 3, § 11; Attorney General Opinion H-614(1975); Ex parte Youngblood, 251 S.W. 509, 510(Tex. Crim. App. 1923).

### SUMMARY

A legislator's service on the legislative committee of a private group must be examined in light of article 6252-9b, V.T.C.S. The Senate or House of Representatives will be the ultimate judge of whether the legislator's

conduct was consistent with the ethical standards imposed by that statute.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: